954 F.2d 733
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose J. HERNANDEZ, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3523.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1992.
 
 Before PLAGER, LOURIE and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jose J. Hernandez petitions for review of the June 21, 1991, opinion and order of the Merit Systems Protection Board (Board), No. NY07529110047, reopening the case on its own motion, vacating the initial decision, and dismissing Hernandez' appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The United States Postal Service removed Hernandez from his position as city carrier for failure to be regular in attendance and for breach of a "last chance" agreement entered into by the parties. The last chance agreement provided that Hernandez would be subject to dismissal if he failed to conduct himself "in accord with Postal Service rules and regulations" and that Hernandez waived any right to seek administrative or judicial review.
 
 
 3
 The Administrative Judge (AJ) found that Hernandez had not signed the agreement and, on that ground, permitted Hernandez to bring the appeal. The AJ went on to determine that the Postal Service had shown by a preponderance of the evidence that Hernandez had failed to meet the requirements of his position.
 
 
 4
 On review, the Board found that the AJ erred concerning the lack of signature and vacated the AJ's decision. However, the Board determined that the agency had demonstrated that Hernandez had breached the agreement and, thus, that the waiver provision precluded Hernandez from seeking administrative review. See Stewart v. U.S. Postal Service, 926 F.2d 1146, 1148 (Fed.Cir.1991) (where a last chance agreement predicates removal and concomitant waiver of appeal rights on breach of the agreement, the Board must decide the threshold issue of whether agreement was breached). The Board then dismissed the appeal for lack of jurisdiction and declined to review Hernandez' handicap discrimination claim. See Cruz v. Dep't of the Navy, 934 F.2d 1240 (Fed.Cir.1991) (in banc).
 
 
 5
 Under these circumstances we cannot say that the Board's decision was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 6
 Hernandez argues that the last chance agreement was not valid because of his mental condition at the time he signed it. Since the issue of validity of the agreement was not raised before the Board, we do not consider it for the first time on appeal. See Spezzaferro v. Federal Aviation Admin., 807 F.2d 169, 174 (Fed.Cir.1986).